UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEPHEN M. MADIGAN, M.D.,           )
                                     )
        Plaintiff                    )
                                     )
v.                                   )          No. 2:11-cv-94-JAW
                                     )
THE WEBBER HOSPITAL                  )
ASSOC. d/b/a SOUTHERN                )
MAINE MEDICAL CENTER, et al.,        )
                                     )
        Defendants

### ORDER ON MOTION TO REDACT OR KEEP UNDER SEAL

On February 15, 2012, I issued a Memorandum Decision and Order on Motion To Amend Answer ("Decision") (Docket No. 36) in which I directed the Clerk of the Court to seal the Decision and the parties to notify me by noon on Wednesday, February 22, 2012, whether the Decision contained any confidential information that should remain sealed. If so, I instructed the parties to indicate explicitly what language was proposed to be redacted, with due regard to the public's interest in access to court proceedings.

The plaintiff has requested that the Decision remain sealed or, alternatively, has proposed certain redactions. *See* Plaintiff's Motion To Redact or Keep Under Seal This Court's Order on the Motion To Amend Its Answer Filed by Spectrum Medical Group, P.A. ("Motion") (Docket No. 45) & Exh. 1 (Docket No. 45-1) thereto. He argues that his proposed redactions permit a reader to discern the nature of the dispute resolved in the Decision, while eliminating the actual details of records of long-ago events that are confidential and neither relevant nor admissible at trial. *See generally* Motion.

1

"Under the common law, there is a long-standing presumption of public access to judicial records." *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). "This presumption of access helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies." *Id*. (citation and internal quotation marks omitted).

The right of public access to judicial records is not absolute, and "it is within a court's discretion to curtail" it, for example, "to prevent judicial records from being used to gratify private spite or promote public scandal, or to prevent [such] records from becoming reservoirs of libelous statements for press consumption or sources of business information that might harm a litigant's competitive standing." *Id*. (citations and internal punctuation omitted). Still, "only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citation and internal punctuation omitted). *See also, e.g., Panse v. Shah*, 201 Fed. Appx. 3, 3 (1st Cir. 2006) ("Sealing is disfavored as contrary to the presumption of public access to judicial records of civil proceedings. It is justified only for compelling reasons and with careful balancing of competing interests.") (citations omitted).

With these precepts in mind, I **GRANT** the Motion in part and **DENY** it in part as follows. I decline to adopt the majority of the plaintiff's proposed redactions on grounds that they (i) target information that the parties have already made public in their non-sealed or redacted filings pertaining to the motion to amend and (ii) would impede the public's understanding of the grounds for the Decision. I do adopt the plaintiff's proposed redactions that pertain to information that has not to date been made public in the parties' filings on the ECF Docket.

Consistent with this order, a redacted version of the Decision shall be made publicly available on the Court's docket forthwith.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 27th day of February, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge